[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12162
Non-Argument Calendar

_____

D. C. Docket No. 97-00024-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE ROOSEVELT HANDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 19, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In United States v. Hands, 45 Fed.Appx. 876 (Table) (11th Cir. 2002), we

affirmed appellant's convictions for conspiracy to distribute and to possess with intent to distribute powder cocaine and cocaine base, Count One, and for distribution and possession with intent to distribute cocaine, Count Two. We also affirmed appellant's concurrent sentences on the respective counts: imprisonment for life and for 240 months.

In January 2009, appellant moved the district court under 18 U.S.C. § 3582(c)(2) for a reduction of the Count One sentence pursuant to Amendment 706 of the Sentencing Guidelines. When the court sentenced appellant on Count One, the Guidelines prescribed a sentence range of life imprisonment. When the court recalculated the Count One sentence range pursuant to Amendment 706, it concluded that the range should be 360 months to life imprisonment. The Government agreed, but argued that, given the severity of appellant's criminal conduct, the court should adhere to the life sentence previously imposed. Rejecting appellant's request for a sentence below the new sentence range, the court resentenced appellant on Count One to a prison term of 360 months, to run concurrently with the 240 months' sentence on Count Two. He now appeals the court's decision.

In his brief to us, appellant argues that the district court erred, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in treating

2

the Guidelines, as amended, as mandatory, and, contrary to the Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in considering facts not found by the jury in fashioning the Count One sentence. Had the court not considered those facts, it would have concluded that the maximum sentence it could have imposed on Count One was 240 months' imprisonment, as prescribed by 21 U.S.C. § 841(b)(1)(C). The court also erred in failing properly to take into account the sentencing factors of 18 U.S.C. § 3553(a), in applying the law in effect at the time of his offenses rather than the law in effect at the time of resentencing, and in failing to consider the sentencing disparity between crack and powder cocaine as required by Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).[1]

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied 129 S.Ct. 1657 (2009). "We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion." United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009). A district court may modify a sentence of imprisonment

---

[1] Appellant's reply brief raises several issues not presented in his initial brief. United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

3

based on a sentence range lowered by the Sentencing Commission following the imposition of that sentence. 18 U.S.C. § 3582(c)(2). To do so, "the district court must recalculate the defendant's guideline sentencing range based upon the relevant amendment to the Sentencing Guidelines." Smith, 568 F.3d at 927. However, "none of the other guideline determinations made during the original sentencing may be reconsidered or altered." Id. "Booker and Kimbrough do not apply to § 3582(c)(2) proceedings." United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009). Therefore, the district court may not sentence a defendant below the amended Guidelines sentence range if the defendant was originally sentenced within the Guidelines sentence range. Smith, 568 F.3d at 928; United States v. Douglas, __ F.3d __, __, 09-10818 slip op. at 3286 (11th Cir. July 29, 2009).

The district court lacked the authority in this § 3582(c)(2) proceeding to consider factors beyond those implicated by Amendment 706 and/or to resentence appellant to a prison term below that prescribed by the amended Guidelines sentence range. Appellant's new sentence on Count One is, accordingly,

AFFIRMED.