[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15366
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 95-00318-CR-T-24-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRANVILLE PAUL BOGLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2010)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Granville Paul Bogle, a federal prisoner convicted of crack cocaine offenses,

appeals his 296-month sentence imposed after the district court granted Bogle's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

## I. BACKGROUND

### A. Original Sentencing

In 1996, a jury convicted Bogle of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). At the original sentencing, Bogle's base offense level for the crack cocaine offenses was 36 under U.S.S.G. § 2D1.1(c). After a two-level increase for obstruction of justice, Bogle's total offense level was 38. With a criminal history category of II, Bogle's guidelines range was 262 to 327 months' imprisonment. For the firearm offense, Bogle's guidelines range was 60 months' imprisonment. The district court imposed concurrent 294-month sentences on the crack cocaine offenses, at the middle of the guidelines range, and a 60-month consecutive sentence on the firearm offense, for a total sentence of 354 months' imprisonment.

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). If a sentence reduction is authorized, we review the district court's decision to grant or deny a sentence reduction for an abuse of discretion. Id.

**B.      Section 3582(c)(2) Motion**

In July 2009, Bogle pro se filed this § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels in U.S.S.G. § 2D1.1(c) for most crack cocaine offenses.  Bogle's motion stressed that Amendment 706 lowered by two levels his base offense level for his crack cocaine offenses, resulting in a lower guidelines range.  He requested resentencing based on the 18 U.S.C. § 3553(a) factors.

Bogle also argued that, after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), the district court had discretion to impose a sentence below the amended guidelines range.  Bogle pointed to: (1) the remaining disparity between crack cocaine and powder cocaine sentencing; and (2) his model behavior during fourteen years of incarceration and post-sentencing rehabilitative conduct, which included completing his GED, participating in self-improvement programs, maintaining a consistent work detail and learning a vocation.

**C.      Probation Office Supplemental Report**

The district court appointed Bogle counsel, requested a supplemental report from the probation office and ordered the parties to respond to the supplemental report.  The probation office's supplemental report stated that Bogle was eligible

for a sentence reduction and that Bogle's new guidelines range after Amendment 706 was 210 to 262 months' imprisonment. Among other things, the report noted that: (1) Bogle's original sentence was a mid-range sentence; (2) at the original sentencing, the court considered Bogle's criminal history category of II, and Bogle's "criminal convictions are outlined in paragraphs 25 through 34" of the original presentence investigation report; (3) Bogle was "currently confined at Coleman Federal Correctional Institute - Low"; (4) according to prison records, Bogle "has completed his financial responsibility; has completed his GED; has taken a number of courses, and is currently working for Unicor"; and (5) while incarcerated, Bogle "has not had any disciplinary reports."

The report also addressed "Release Planning," stating that: (1) "[i]f the court reduces Mr. Bogle['s] sentence to 236 months (middle of the range) as to Counts One and Two, his sentence will be reduced by 58 months (4 years, 10 months)"; (2) with the 60-month consecutive sentence for the firearm offense, Bogle would be eligible for release in September 2016; (3) although Bogle had resided in the United States for over twenty years as a legal resident alien, he might be subject to deportation; (4) it was unclear whether Bogle would live with his girlfriend, who was released from prison in March 2008 and resided in Florida.

D.     Parties' Responses

Bogle, now represented by counsel, agreed with the report's calculation of his amended guidelines range as 210 to 262 months' imprisonment. Bogle asked the district court to "consider the applicability of the 18 U.S.C. § 3553(a) factors in light of the advisory guidelines" and impose a sentence below that amended guidelines range. He again pointed to: (2) the remaining crack/powder sentencing disparity; and (2) his post-sentencing rehabilitation. With respect to the § 3553(a) factors, Bogle "admit[ed] that he needed to be punished for his offense, needed to be deterred from future unlawful conduct, and that the public to some extent needed to be protected from his unlawful conduct"; but that "given the facts and circumstances of this case, a further reduction in his sentence will be more than sufficient, but not greater than necessary to accomplish all of these goals."

The government agreed that Bogle was eligible for a § 3582(c)(2) reduction and that his amended guideline range was 210 to 262 months. The government noted that the district court must consider the § 3553(a) factors in deciding the extent of the reduction, but argued that the district court did not have the discretion to impose a sentence below the new range. The government stated that it did not oppose a reduction "to a total term of 296 months – 236 months on Counts One and Two, plus the 60 month consecutive term for Count Three."

E.    **Amended Sentence**

The district court found that Bogle was eligible for a § 3582(c)(2) reduction and granted Bogle's motion. In recounting Bogle's original sentencing, the district court noted that Bogle's original 294-month sentence "was at the mid-range of the guidelines." The district court acknowledged Bogle's response, which asked that Bogle "receive the reduction the probation office recommended plus a reasonable sentence as enumerated in the 18 U.S.C. § 3553(a)(2) factors." The court also pointed out that the government did not oppose a reduction to a total sentence of 296 months, which included a 236 month sentence on the crack cocaine offenses and a 60-month consecutive sentence on the firearm offense. The district court concluded that it was not authorized to impose a sentence below the amended guidelines range and that Booker does not apply to § 3582(c)(2) proceedings.

The district court found that Bogle's amended offense level of 36 and criminal history category of II resulted in an amended guidelines range of 210 to 262 months as to the crack cocaine offenses. The district court further found that "a reduction to 236 months is appropriate as to counts one and two since Bogle was sentenced originally at the middle of the guidelines." The district court imposed a total 296-month sentence, 236 months as to the crack cocaine offenses and 60 consecutive months as to the firearms offense. Bogle filed this appeal.

## II. DISCUSSION

6

Under § 3582(c)(2), a district court may reduce a defendant's imprisonment term if it is "based on a sentence range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). If a defendant is eligible for a § 3582(c)(2) reduction, the district court engages in a two-step analysis by: (1) "recalculat[ing] the defendant's guideline sentencing range based upon the relevant amendment to the Sentencing Guidelines" while keeping all other guideline determinations unchanged; and (2) "decid[ing] whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range" after considering the factors in 18 U.S.C. § 3553(a), public safety considerations, the defendant's post-sentencing conduct. United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009); see also U.S.S.G. § 1B1.10, cmt. n.1(B).[2]

On appeal, Bogle does not dispute that the district court correctly calculated his amended guidelines range of 210 to 262 months. Instead, Bogle argues that the district court erred at the second step. Specifically, Bogle argues that the district court imposed a mid-range sentence solely because Bogle's original sentence was a

_____

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, (3) the need to promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education, vocational training and medical care; (6) the kinds of sentences available; (7) the guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

mid-range sentence and failed to consider the § 3553(a) factors.

"In considering whether to impose an amended sentence, the district court must consider the § 3553(a) factors, but is not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account by the district court. However, if it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court." United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009) (quotation marks, citations and footnote omitted). We have noted, however, that "the only time this Court has vacated a district court's order granting a defendant's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence for a failure to properly consider the 18 U.S.C. § 3553(a) factors occurred when the record contained no evidence that the district court had considered, or the defendant had even raised, the applicability of any of the § 3553(a) factors." Smith, 568 F.3d at 928.

Here, Bogle has not carried his burden to show that the district court failed to consider the § 3553(a) factors before selecting the appropriate sentence. The district court's order referred to the § 3553(a) factors. Although the district court did not analyze the § 3553(a) factors, it was not required to do so under our precedent. Further, the district court's order referred to Bogle's response to the

8

probation office's supplemental report, which discussed several of the § 3553(a) factors in making his mitigation arguments. The fact that the district court's order expressly referred to Bogle's response discussing the § 3553(a) factors is evidence in the record that the § 3553(a) factors were considered by the district court. See Smith, 568 F.3d at 928. Thus, this is not simply a case in which there is no evidence in the record that the defendant raised the § 3553(a) factors. In fact, the pleadings and the arguments in the district court expressly referenced certain § 3553(a) factors that Bogle was relying on. The fact that the district court chose a sentence in the middle of the guidelines range does not show the district court failed to consider the § 3553(a) factors.

Bogle's argument that Booker permitted the district court to reduce his sentence below the amended guidelines range is foreclosed by our binding precedent, United States v. Melvin, 556 F.3d 1190 (11th Cir.), cert. denied, ___ U.S. ___, 129 S. Ct. 2382 (2009). Although Bogle contends Melvin was wrongly decided, we are bound by Melvin unless and until it is overruled by this Court sitting en banc or by the United States Supreme Court. See Douglas, 576 F.3d at 1219.

**AFFIRMED.**

9