[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12148
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60284-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2011)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Steven Powell appeals his 77-month concurrent sentences on two counts of conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. On appeal, Powell argues that his sentence is

procedurally and substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. Id.

Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances. Id. Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The defendant bears the burden to show his sentence is unreasonable in light of the record and the § 3553(a) factors.[1] United States v.

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9)

Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

Here, Defendant Powell has not shown that his sentence is procedurally unreasonable. The record belies Powell's claim that the district court failed to consider the § 3553(a) factors. Before imposing the sentence, the district court stated that it had considered the § 3553(a) factors. Moreover, the district court explicitly discussed several factors, including Powell's HIV-positive status, his need for drug treatment, his homelessness, his abusive childhood, his extensive criminal history and the likelihood of recidivism.

Specifically, the district court noted Powell's seven prior felony convictions and that, despite participating in several court-ordered drug programs, Powell continued to have substance abuse problems and appeared not to have "sufficient motivation to apply himself." The district court referred to a psychologist's report that opined that Powell's behavior during the instant offenses was influenced by "severe psychological deficits that are of long-standing duration" and that Powell was "amenable to psychological intervention." The district court acknowledged that Powell's traumatic childhood kidnapping and abuse, his homelessness as an adult and his medical conditions presented a "situation that's difficult for someone

the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

to overcome." However, the district court stated that "there is nothing in this PSI to indicate to [the court] that" Powell could "become[] a productive member of society when he gets out of jail," and concluded that it could not "take a chance" that Powell would get the treatment he needs.

Under our precedent, the district court's discussion of the factors was more than sufficient. See United States v. Smith, 568 F.3d 923, 928 (11th Cir. 2009) ("While the district court must consider the § 3553(a) factors, it commits no reversible error by failing to articulate specifically the applicability–if any–of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." (quotation marks omitted)); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker.").

Defendant Powell also has not shown that his sentence is substantively unreasonable in light of the § 3553(a) factors. Powell's 77-month sentence is at the low end of the advisory guidelines range of 77 to 96 months' imprisonment and well below the forty-year statutory maximum pursuant to 21 U.S.C. § 841(b)(1)(B). Powell acted as a facilitator for a drug trafficking organization, bringing buyers who contacted him to a crack cocaine supplier. Powell has an

extensive criminal history, including twenty-seven adult convictions, seven of which were felony convictions. Many of Powell's past crimes involved drugs, and his chronic substance abuse problems have clearly contributed to his continuing life of crime.

Defendant Powell argues that the district court failed to properly consider that Powell had no equity interest in the cocaine sold or the money received and placed too much weight on Powell's criminal history. The district court considered Powell's minor role in the drug trafficking, and, indeed, gave Powell a minor role reduction in calculating his advisory guidelines range. When determining what sentence to impose, however, it was within the district court's discretion to give more weight to Powell's extensive criminal history and his risk of recidivism than to his minor role in the instant offense. See Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007); United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). Under the totality of the circumstances, we cannot say that the district court abused its discretion in imposing a 77-month sentence.

**AFFIRMED.**

5