[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13215

_____

D. C. Docket No. 91-06159-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH GREGORY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2009)

Before MARCUS and PRYOR, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

MARCUS, Circuit Judge:

Kenneth Smith, who was convicted by a jury of a crack cocaine offense, appeals from the sentence imposed by the district court after it had granted his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines. Smith argues that the district court abused its discretion in failing to grant him a greater sentence reduction either to the low end of his amended guideline range or below that range, and in failing to properly consider the 18 U.S.C. § 3553(a) factors. After thorough review, we affirm.

I.

A jury in the Southern District of Florida convicted Smith of possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count One"); using and carrying a firearm during and in relation to a felony drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Two"); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three").

The pre-sentence investigation report ("PSI") found that Smith was responsible for possessing 182 grams of crack cocaine and, therefore, calculated a base offense level of 34. Smith's criminal history category was determined to be a

level of III, yielding a guideline range of 188 to 235 months' imprisonment on Counts One and Three. As for Count Two, the mandatory minimum term of imprisonment was sixty months to run consecutively. In 1993, the district court sentenced Smith to 235 months of imprisonment for Count One, 60 months of imprisonment for Count Two to run consecutively to the sentence imposed for Count One, and 120 months of imprisonment for Count Three to run concurrently with the sentence imposed for Count One. Thus, Smith's total sentence was 295 months of imprisonment, along with a five year term of supervised release and a special assessment of $150.

In 2008, Smith moved under 18 U.S.C. § 3582(c)(2) for a modification of his term of imprisonment pursuant to Amendment 706 of the Sentencing Guidelines. Amendment 706 to the Sentencing Guidelines, which became retroactive on March 3, 2008, U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008), reduced by two levels the base offense level for crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c). The Sentencing Guidelines direct that a defendant may seek retroactive application of this amendment through an 18 U.S.C. § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999).

Smith asked the district court, in light of the 18 U.S.C. § 3553(a) factors, to

sentence him at the low end of or below his amended guideline range of 151 to 188 months. At a sentencing hearing conducted by the district court to consider his motion, Smith argued that he was eligible for a two-level reduction based on Amendment 706, and that his re-sentence should reflect the fact that he had not engaged in any crime since becoming a prisoner and that he had earned 1,800 hours of education credit while in prison. His counsel also proffered the testimony of several of Smith's family members attesting to his character, and observing that his mother had recently suffered a stroke and was bedridden. The government, in turn, urged the district court to re-sentence Smith at the high end of the amended guideline range, particularly because the original trial judge did not think that Smith's actions warranted a sentence at the low end of the original guideline range. In the course of presenting its argument, the government specifically referenced 18 U.S.C. § 3553(a).

After the hearing, the district court issued a brief form order granting Smith's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, determining that under the amended guideline Smith's base offense level was 32, which, when combined with a criminal history of III, yielded an amended guideline range of 151 to 188 months. We add that the district court's order specifically referenced the defendant's motion for a sentence reduction. The court reduced Smith's sentence

4

to 248 months' imprisonment -- 188 months for the crack cocaine offense, plus the consecutive 60 month sentence for the firearms violation.

II.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Smith argues that the district court abused its discretion by sentencing him at the high end of his amended guideline range. He suggests that the court should have reduced his sentence further, either to the bottom of the amended guideline range (151 months) or below the amended guideline range, referencing his considerable rehabilitation, his close family ties, the serious medical condition of his mother, and the unwarranted disparity in penalties between crack cocaine and powder cocaine offenses. Smith also claims that the district judge failed to articulate the reasons for his sentencing decision and that the record does not show that he had considered the factors embodied in 18 U.S.C. § 3553(a). We are unpersuaded.

Under 18 U.S.C. § 3582(c)(1)(B), a district court may not modify a term of imprisonment once it has been imposed except when expressly permitted to do so. One exception is contained in 18 U.S.C. § 3582(c)(2), which states that when a

5

defendant has been sentenced pursuant to a sentencing range

> that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statements direct that a defendant is not entitled to a full re-sentencing during 18 U.S.C. § 3582(c)(2) proceedings, U.S.S.G. § 1B1.10(a)(3), and that a district court should determine the amended guideline range that would have been applicable to the defendant if the subsequently amended provision had been in effect at the time the defendant was originally sentenced, U.S.S.G. § 1B1.10(b)(1).

Moreover, in determining whether to reduce a defendant's term of imprisonment, and to what extent, a district court: (1) shall consider the factors embodied in 18 U.S.C. § 3553(a); (2) shall consider the nature and seriousness of the danger to any person or the community that may be posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant.  U.S.S.G. § 1B1.10, comment n.1(B) (2008).[1]

When a defendant is eligible for a reduction in his term of imprisonment

---

[1]    The commentary and application notes of the Sentencing Guidelines are authoritative, unless they are plainly erroneous, inconsistent with the regulation they interpret, or contrary to the Constitution or federal law.  Stinson v. United States, 508 U.S. 36, 45 (1993); United States v. Torrealba, 339 F.3d 1238, 1242 (11th Cir. 2003).

pursuant to 18 U.S.C. § 3582(c)(2), the district court must engage in the two-step analysis outlined in United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's guideline sentencing range based upon the relevant amendment to the Sentencing Guidelines; none of the other guideline determinations made during the original sentencing may be reconsidered or altered. Id. Second, the district court must decide whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range after it has considered "the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and . . . the defendant's post-sentencing conduct." United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009); see also Bravo, 203 F.3d at 781; U.S.S.G. § 1B1.10, comment 1(B).

While the district court must consider the § 3553(a) factors, it "commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). Thus, for example, in Eggersdorf, we found that the district court's statement, after denying an 18 U.S.C. § 3582(c)(2) reduction, that it had "reviewed the motions, the Government's [response], the record, and [] otherwise [was] duly advised" was sufficient to

7

establish that the § 3553(a) factors had been considered, because the defendant's motion specifically enumerated the § 3553(a) factors, the government's response cited facts relevant to the § 3553(a) inquiry, and the same judge presided over both the original sentencing and the re-sentencing. 126 F.3d at 1322-23; see also United States v. Brown, 104 F.3d 1254, 1256 (11th Cir. 1997) (upholding district court's refusal to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2), because, even though the court did not explicitly address the § 3553(a) factors, it demonstrated that it had considered them by citing the defendant's significant involvement in the conspiracy and lack of remorse or acceptance of responsibility in support of its determination); United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (upholding district court's denial of an 18 U.S.C. § 3582(c)(2) motion when the district court, although not mentioning 18 U.S.C. § 3553(a), demonstrated that it had considered the factors by citing the defendant's "demonstrated violence" and "all the other considerations that went in to the establishment of [his] sentence" in support of its sentence).

Indeed, the only time this Court has vacated a district court's order granting a defendant's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence for a failure to properly consider the 18 U.S.C. § 3553(a) factors occurred when the record contained no evidence that the district court had considered, or the defendant had

8

even raised, the applicability of any of the § 3553(a) factors. <u>Williams</u>, 557 F.3d at 1256-57.

On the record before us, there can be little question that the district court considered the 18 U.S.C. § 3553(a) factors.[2] The district court's order referenced defendant's motion for a sentence reduction. And, in Smith's memorandum supporting his motion for a sentence reduction, he highlighted that "[t]he Court may consider all pertinent information applying Section 3553(a) factors and in determining whether and by how much to reduce a Defendant's sentence," and then presented arguments as to why those factors supported imposing a more lenient sentence. (Def. Sentence Reduction Mem. at 7). Indeed, the entire argument presented by both Smith and the government on the 18 U.S.C. § 3582(c) motion, in writing and orally, keyed into those facts and circumstances pertinent to the § 3553(a) analysis.

Smith specifically argued at the hearing those facts that illuminated his rehabilitation in prison and his relationship to his family -- circumstances that were

---

[2] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

designed to address the history and characteristics of the defendant. The defendant also plainly addressed the nature and circumstances of the offense, arguing that the district court should sentence him at the low end of the amended guideline range, because the severity of his crack cocaine offense had been overstated at his original sentencing, particularly in light of the Sentencing Commission's reasons for adopting Amendment 706. (Id. at 8-9). The government, in turn, cited to Smith's serious criminal history, observing that he was convicted of a "substantial" drug trafficking offense "when he was a seasoned man of 36 years of age," and that "tak[ing] into account all of the 18 U.S.C. 3553(a) through (e) factors . . . the low end of the guideline at this point would not be appropriate." (Id. at 16). It is not too much to say that the discussion, which was vigorously presented by both sides, bore directly upon the 18 U.S.C. § 3553(a) factors. In fact, the transcript of the sentence reduction hearing can only be read and understood as an elaborate explication of the § 3553(a) factors. Nor can we say that the district court abused its discretion in re-weighing the circumstances of this case and sentencing Smith to the high end of amended guideline range.

Finally, Smith's argument that, pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007), the district court should have sentenced him below the amended guideline range is no

longer tenable. In United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), petition for cert. filed (U.S. Feb. 10, 2009) (No. 08-8664), we recently held that Booker and Kimbrough do not apply to 18 U.S.C. § 3582(c)(2) proceedings, and that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." Id. at 1190. The district court was bound by the policy statement contained in U.S.S.G. § 1B1.10(b)(2)(A) that, in considering an 18 U.S.C. § 3582(c)(2) motion, it may not reduce a sentence below the amended guideline range.

**AFFIRMED.**