[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15857
Non-Argument Calendar

_____

D. C. Docket Nos. 04-01145-CV-J-20-HTS
02-00243-CR-J-2

LUCIOUS LATTIMORE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lucious Lattimore, through counsel, appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He argued in the motion that his counsel rendered ineffective assistance at sentencing by failing to object to an enhancement for obstruction of justice pursuant to U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 3C1.1. The district court denied Lattimore's motion. We granted a certificate of appealability as to "[w]hether the district court erred in finding that counsel was not ineffective for failing to object to a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1." We affirm.

In a 28 U.S.C. § 2255 proceeding collaterally attacking a sentence, we review the district court's factual findings for clear error and legal issues *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). An ineffective assistance of counsel claim is a mixed question of law and fact subject to *de novo* review. *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct 2052, 2064–67 (1984). We need not "address both components of the inquiry if the defendant makes an insufficient

2

showing on one." *Id.* at 697, 104 S. Ct. at 2069.

"When reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing." *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002) (per curiam). The 2002 version of U.S.S.G. § 3C1.1, which was in effect when Lattimore was sentenced, read as follows:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2002).

The language requiring conduct to "occur during the investigation, prosecution, or sentencing of the defendant's offense of conviction" clarified that obstructive conduct can relate to a closely related case. *Id.* app. C, amend. 581. The application notes state that the adjustment should be applied when a defendant "provid[ed] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* § 3C1.1 cmt. n.4(g). "The commentary and application notes of the Sentencing Guidelines are authoritative, unless they are plainly erroneous, inconsistent with the regulation they interpret, or contrary to the Constitution or

federal law." *United States v. Smith*, 568 F.3d 923, 927 n.1 (11th Cir. 2009).

Lattimore argues that the U.S.S.G § 3C1.1 enhancement, through its language "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction," applies only to obstructive conduct in relation to the investigation, prosecution, or sentencing of a defendant's own offense. We disagree.

The application notes, along with the Sentencing Commission's Reason for Amendment, show that the "during the course of" language was meant to create a temporal element, prohibiting a defendant from being subject to an enhancement when his obstructive conduct occurred before the investigation or after sentencing. *See* U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.1; U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 581. These application notes are authoritative. *See Smith*, 568 F.3d at 927 n.1. While Lattimore argues that his conduct actually occurred during the course of an investigation into a related case, his obstructive conduct also occurred shortly before his own sentencing hearing while he was cooperating with the government. Therefore, Lattimore's argument that his obstructive conduct did not occur during the course of the investigation, prosecution, or sentencing of his offense is without merit.

Lattimore cannot show that counsel rendered deficient performance by

4

failing to object to the enhancement. Because he cannot do so, we do not address whether counsel's performance was prejudicial.

**AFFIRMED.**