[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11127
Non-Argument Calendar

_____

D. C. Docket No. 97-00016-CR-CDL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL GAINES,
a.k.a. Fat Daddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 2, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Daniel Gaines appeals the district court's order granting his

motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2). Gaines's

§ 3582(c)(2) motion was based on Amendment 706 to the United States

Sentencing Guidelines, which reduced base offense levels applicable to crack

cocaine offenses. On appeal, Gaines argues that, because the district court

originally sentenced him to the low end of the guideline range, it abused its

discretion by refusing to impose a low-end sentence at his § 3582 hearing. He also

contends that the district court did not adequately explain its reasons for imposing

his particular sentence.

## I. Determination of Amended Sentence

"We review a district court's decision whether to reduce a sentence pursuant

to 18 U.S.C. § 3582(c)(2) for an abuse of discretion." *United States v. Smith*,

568 F.3d 923, 926 (11th Cir. 2009).

Under § 3582(c)(2), a district court may reduce the sentence of a defendant

who was sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission. 18 U.S.C.

§ 3582(c)(2).

When considering a § 3582(c)(2) motion, a district court must engage in a

two-part analysis. "First, the district court must recalculate the defendant's

guideline sentencing range based upon the relevant amendment to the Sentencing

Guidelines; none of the other guideline determinations made during the original sentencing may be reconsidered or altered." *Id.* "Second, the district court must decide whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range after it has considered the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and the defendant's post-sentencing conduct." *Id.* (internal quotation marks and alteration omitted). "While the district court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009).

Here, the district court recalculated Gaines's guideline range using the amended crack cocaine guidelines. Next, the court considered the § 3553(a) factors – including the seriousness of Gaines's offense – and, after doing so, concluded that a sentence in the middle of the amended guideline range would be appropriate. Therefore, we conclude that the district court correctly applied the two-part analysis for determining whether to reduce Gaines's sentence.

## II. Explanation of Reasons

"While the district court must consider the § 3553(a) factors, it commits no reversible error by failing to articulate specifically the applicability – if any – of each of the [§] 3553(a) factors, as long as the record demonstrates that the pertinent

3

factors were taken into account by the district court." *Smith*, 568 F.3d at 927 (internal quotation marks omitted). "Indeed, the only time [we have] vacated a district court's order granting a defendant's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence for a failure to properly consider the 18 U.S.C. § 3553(a) factors occurred when the record contained no evidence that the district court had considered, or the defendant had even raised, the applicability of any of the § 3553(a) factors." *Id.* at 928 (discussing *Williams*, 557 F.3d at 1256-57).

In Gaines's § 3582(c)(2) motion and amended motion, he discussed the court's duty to consider the § 3553(a) factors and he argued that various sentencing factors weighed in favor of a reduction. The district court stated that it had reviewed the file, heard counsel's arguments, and considered the sentencing factors. It also explicitly stated that its decision to impose a mid-range sentence was based on the seriousness of Gaines's offense. Accordingly, the record demonstrates that, when determining the extent to which Gaines's sentence should be reduced, the court took the pertinent factors into account.

For the aforementioned reasons, we affirm the district court's order granting Gaines's motion for reduced sentence.

**AFFIRMED.**

4