[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11873
Non-Argument Calendar

_____

D. C. Docket No. 95-03089-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY JEROME TOLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 23, 2009)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Jeffery Jerome Toler appeals the district court's denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and numerous guideline amendments, including Amendment 706. On appeal, Toler argues the district court erred by denying his motion for a sentencing reduction.[1] After review, we affirm.[2]

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[D]eterminations made during the original sentencing [cannot] be reconsidered or altered" during a § 3582(c)(2) proceeding. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). A defendant is not eligible for a sentence reduction if his guideline range is not changed by the applicable retroactive guideline amendment. *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008). When the otherwise applicable guideline range is lower than the applicable mandatory minimum, "the statutorily required minimum sentence shall

---

[1] Toler also claims: (1) pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), the court could reduce his sentence below the guidelines range because the guidelines are no longer mandatory, and (2) under *Kimbrough v. United States*, 128 S.Ct. 558 (2007), the district court was permitted to consider the crack/powder cocaine sentencing disparity. These contentions are foreclosed by our decision in *United States v. Melvin*, 556 F.3d 1190, 1190 (11th Cir.), *cert. denied*, 129 S.Ct. 2382 (2009), which held "*Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings."

[2] We review the district court's legal interpretation in § 3582(c) proceedings *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008).

be the guideline sentence." U.S.S.G. § 5G1.1(b).  Therefore, a defendant sentenced to a mandatory minimum is ineligible for a sentence reduction under § 3582(c).  *Williams*, 549 F.3d at 1339-40.

After Toler's conviction for conspiracy to possess cocaine and crack with intent to distribute, the district court imposed a mandatory life sentence.  Toler can not challenge the applicability of the mandatory minimum life sentence in a § 3582(c) proceeding.  *Smith*, 568 F.3d at 927.  Because Toler was sentenced to a mandatory minimum, his guideline range can not be changed by Amendment 706 or any other guideline amendment and he is ineligible for a sentence reduction. *Williams*, 549 F.3d at 1339-40.  Accordingly, the district court did not err in concluding it lacked jurisdiction to reduce Toler's sentence due to his mandatory minimum life sentence.

**AFFIRMED.**