[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15764
Non-Argument Calendar
_____

D.C. Docket No. 2:95-cr-00129-JHH-TMP-22

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE N. TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 20, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Jessie Turner, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion.  Turner's motion requested that his 292-month sentence, imposed for conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and prescription drugs, as well as use of a communication facility to commit a felony drug offense, be reduced in light of Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels corresponding to some crack cocaine offenses.  On appeal, Turner argues: (1) while his 292-month sentence fell within his amended guideline range under Amendment 750, the district court should have conducted an analysis of the 18 U.S.C. § 3553(a) factors to determine whether a reduction to a lower sentence within the amended guideline range was warranted; and (2) the district court failed to comply with United States v. Booker, 543 U.S. 220 (2005), because it considered facts that had not been found by a jury or admitted; and Kimbrough v. United States, 552 U.S. 85 (2007), because his amended guideline range was based on an unwarranted sentencing disparity between crack and powder cocaine possession sentences.  After thorough review, we affirm.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion.  United States v. Smith, 568 F.3d 923,

2

926 (11th Cir. 2009). Under § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . [a district court] may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). A modification is permitted only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

The Sentencing Guidelines provide that, where a defendant's applicable guideline range has been lowered "as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment" under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1). The notes to that provision state that "the court shall consider the [§ 3553(a) factors] in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." U.S.S.G. § 1B1.10, cmt. 1(B)(i). We have held that a district court "commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." Smith, 568 F.3d at 927 (quotations omitted). Smith further noted that "Booker and Kimbrough do not apply to 18 U.S.C. § 3582(c)(2) proceedings." Id. at 929.

3

In this case, the district court did not abuse its discretion in denying Turner's motion. Both § 3582(c)(2) and § 1B1.10(a)(1) make clear that the district court had discretion in whether to lower his term of imprisonment as a result of the lowered applicable guideline range. See 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(a)(1). While Turner claims that the district court failed to consider the § 3553(a) factors in denying his motion, the record does not support that allegation, as the court's denial notes that it considered each of the factors. Under Smith, the court was not required to articulate the applicability of each factor, but only to demonstrate that it took them into account when making its determination. Smith, 568 F.3d at 927. Because the district court's order does so, Turner has failed to show that the district court committed reversible error in its consideration of the § 3553(a) factors.

As for Turner's argument that the court violated Booker and Kimbrough, we have held that neither of these cases applies to 18 U.S.C. § 3582(c)(2) proceedings. Id. at 929. Accordingly, we affirm.

**AFFIRMED.**

4