[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15816
Non-Argument Calendar
_____

D.C. Docket No. 6:05-cr-00037-BAE-GSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL TYRONE PITTMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 11, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Earl Tyrone Pittman appeals *pro se* the district court's grant of his motion

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that the

district court should have further reduced his sentence.  Pittman's original sentencing guideline range was 151 to 188 months, and he was sentenced to 166 months.  In granting Pittman's instant § 3582(c)(2) motion, the district court found that his amended guideline range was 97 to 121 months, but because he engaged in an ongoing effort to influence a witness to change his story, the 18 U.S.C. § 3553(a) factors warranted a lesser reduction only to a new sentence of 151 months.  On appeal, Pittman argues that the district court failed to address his request for a sentence reduction to the amended range of 97 to 121 months. Pittman also argues that his 151-month amended sentence was substantively unreasonable.

We review for an abuse of discretion the district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).  Under § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . [a district court] may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).

2

The district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* at 780. Under the second step, the court must decide whether, in its discretion, to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781. When considering whether and to what extent a reduction is warranted, the district court shall consider the § 3553(a) factors and public safety concerns, and it may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)). "[A] district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). We have affirmed the grant of a § 3582(c)(2) motion when the district court used a "brief form order," and the record showed that the court had considered the § 3553(a) factors. *United States v. Smith*, 568 F.3d 923, 926-29 (11th Cir. 2009).

3

In an appeal from an original sentencing proceeding, we review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The party challenging the sentence bears the burden of proving the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In making a reasonableness determination, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, and then examining whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. With regard to substantive reasonableness, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted).

The district court did not abuse its discretion in denying Pittman's § 3582(c)(2) motion. The district court's order reflects that the district court properly recalculated Pittman's applicable guideline range based on the amended guidelines. The order further reflects that the district court properly took into

account the relevant § 3553(a) factors when it granted Pittman's motion and reduced his sentence to 151 months.  Even though it was not required to do so, the district court specifically articulated that it had considered certain § 3553(a) factors, including the nature and circumstances of the offense and Pittman's history and characteristics.   Finally, Pittman has not met his burden of demonstrating that his reduced sentence was substantively unreasonable.

**AFFIRMED.**