[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15224
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00016-HL-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN MOODY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 17, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Jonathan Scott Moody appeals his total 20-month sentence for one count of dealing in counterfeit obligations, in violation of 18 U.S.C. §§ 473, 2, and one count of uttering counterfeit obligations, in violation of 18 U.S.C. §§ 472, 2. On appeal, Moody argues, <u>inter alia</u>, that the district court failed to adequately explain its reasons for imposing the 20-month sentence, 10 months above the advisory guidelines range of 4 to 10 months. After review, we agree and remand so that the district court may state the specific reason or reasons for the upward variance.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. <u>United States v. Pugh</u>, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances. <u>Id.</u> A sentence is procedurally unreasonable if, among other things, the district court "'fail[ed] to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.'" <u>Id.</u> (quoting <u>Gall v. United States</u>, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

At sentencing, the district court must consider the 18 U.S.C. § 3553(a) factors in determining both what sentence to impose and whether to impose

2

consecutive sentences.  18 U.S.C. §§ 3553(a), 3584(b).  The district court is not required to "articulate specifically the applicability–if any–of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009) (quotation marks omitted).  The district court, however, must state its reasons for imposing a particular sentence, and, if the chosen sentence is outside the advisory guidelines range, the court must state "the specific reason" for the variance.  18 U.S.C. § 3553(c)(1)-(2).  The district court's explanation may be brief if the context and the record indicates the reasoning behind the chosen sentence.  United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).  The explanation is sufficient if the district court has "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks omitted).[1]

Here, the district court did not provide an explanation or a reason for the upward variance.  At the sentencing hearing, Moody argued for a 4-month sentence, at the low end of the advisory guidelines range.  Moody stressed certain mitigating circumstances, including that (1) prior to his arrest, he had been gainfully employed and supported his family, (2) he had committed the charged

---

[1]We review the sufficiency of the district court's explanation of the sentence de novo. United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010).

offenses because he became financially strapped, (3) he had self-surrendered and wanted to "try to get this behind him and get back out and try to start back working and taking care of his family," and (4) he was a serious artist who hoped to someday support his family with his artwork. Moody submitted to the court samples of his artwork, a letter from the mother of his children, and a letter from Moody accepting responsibility for his offenses. The government responded that it would "leave it with the Court's discretion for the appropriate sentence."

After hearing from the parties, the district court found that the advisory guidelines range was 4 to 10 months, stated that it had "considered the sentencing factors found at 18 United States Code Section 3553(a)," and then imposed a sentence of "ten months as to each count to be served consecutively," which resulted in a sentence that was double the high end of the advisory guidelines range.

In imposing the sentence, the district court acknowledged, "To that extent that is a variance," but provided no explanation or reason for the variance. Further, the district court's reason for varying upward is not otherwise clear from the record as a whole, as Moody advocated for a 4-month sentence and the government made no argument as to the appropriate sentence. Under these particular circumstances, and in light of the degree of the variance, the district court erred by failing to provide a reason or explanation for the upward variance and Moody's sentence.

4

Accordingly, we vacate Moody's sentence and remand the case to the district court so that it can comply with 18 U.S.C. § 3553(c)(2) and provide a specific reason in open court for the upward variance.  Because the record is insufficient for appellate review, we do not address Moody's alternative argument that his 20-month sentence is substantively unreasonable.

**VACATED AND REMANDED.**