[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15389
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cr-00081-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MARMOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Armando Marmol appeals *pro se* the denial of his motion to reduce his

sentence based on Amendment 782 to the Sentencing Guidelines. 18 U.S.C.

§ 3582(c)(2). Marmol challenges the denial of his motion for appointed counsel and the refusal to reduce his sentence of 293 months of imprisonment. We affirm.

The district court did not abuse its discretion when it denied Marmol's motion for appointed counsel. Marmol was not entitled to have counsel assist him in seeking a reduction of his sentence, *see United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009), and the district court reasonably denied his request as premature when he filed it two months before the effective date of Amendment 782. Marmol later failed to renew his request for appointed counsel when he filed his motion to reduce his sentence.

The district court also did not abuse its discretion when it denied Marmol's motion to reduce his sentence. The district court left undisturbed its original determination that Marmol's offense involved 28.2 kilograms of cocaine. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Based on the amended drug table, the district court correctly assigned Marmol an offense level of 36, U.S.S.G. § 2D1.1(c)(2), which resulted in a revised sentencing range between 188 and 235 months of imprisonment, *id.* Ch. 5, Pt. A. The district court next considered the statutory sentencing factors and reasonably refused to reduce Marmol's sentence. *See* 18 U.S.C. § 3553(a); *Bravo*, 203 F.3d at 781. Marmol possessed and conspired to import and to distribute a significant amount of cocaine, 21 U.S.C. §§ 963, 846, 841(a), and before being captured, he drove a

2

vehicle on Biscayne Boulevard in Miami, Florida, against the flow of traffic at a high rate of speed. Based on this record, the district court was entitled to find that Marmol's term of imprisonment remained necessary to serve the purposes of sentencing.

Marmol challenges his sentence on three grounds, all of which are meritless. First, Marmol argues that the district court sentenced him above the "statutory limit," but Marmol faced a maximum statutory sentence of imprisonment for life. *See id.* §§ 841(b)(1)(A), 960(b)(1)(B). Second, Marmol challenges the two-level increase of his base offense level for recklessly endangering the public in the course of fleeing from a law enforcement officer, *see* U.S.S.G. § 3C1.2, but in determining eligibility for a reduction of sentence "all original sentencing determinations remain unchanged," *see Bravo*, 203 F.3d at 781. Third, Marmol argues that the district court failed to consider his post-sentencing conduct, but the district court was not obligated to do so. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

We **AFFIRM** the denial of Marmol's motion to reduce.

3