[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11186
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00067-KMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO GONZALEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 18, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Francisco Gonzalez, a federal prisoner currently serving a 353-month total sentence[1] for conspiracy to possess cocaine with intent to distribute and using a firearm during a drug trafficking crime, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his total sentence. In his *pro se* brief on appeal, he argues generally that the district court abused its discretion in denying his motion to reduce his total sentence. Although he does not point to a specific alleged error, he expresses remorse about his criminal past, discusses his failing health, and attaches various prison records. We construe his brief to argue that the district court failed to adequately consider his characteristics and the threat he poses to society, particularly because he notes that, while a codefendant used a gun to threaten a confidential informant's 72-year-old aunt or kidnap the informant's 11-year-old son during a home invasion, he did not personally do that.[2]

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).

---

[1] Gonzalez's original total sentence was 425 months of imprisonment. In 2002, the district court reduced his total sentence to 353 months based on Amendment 607 to the Sentencing Guidelines.

[2] Gonzalez also raises for the first time in his reply brief two procedural arguments, as well as an argument the district court's denial of his present motion somehow affected the prior reduction he received under Amendment 607. Because he did not raise these arguments in his initial brief, however, we will not consider them. *See Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 838 (11th Cir. 2010).

A district court may modify a term of imprisonment in the case of a prisoner who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The district court may exercise its discretion to reduce a sentence "after it has considered the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and . . . the defendant's post-sentencing conduct." *Smith*, 568 F.3d at 927 (quotation omitted). The sentencing factors include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Booker*, 543 U.S. 220, 259-60 125 S.Ct. 738, 764-65, 160 L.Ed.2d 621 (2005). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim. 18 U.S.C. § 3553(a)(1), (3)-(7).

"While the district court must consider the § 3553(a) factors, it commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the

3

pertinent factors were taken into account by the district court." *Smith*, 568 F.3d at 927 (quotation omitted). The weight given to any specific factor is committed to the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Here, while the district court did not discuss Gonzalez's history and characteristics, it was not required to do so. *See Smith*, 568 F.3d at 927. The court's order demonstrates that it took into account the pertinent factors and placed great weight on the nature and circumstances of the offense conduct, which were violent. Thus, the court did not abuse its discretion. *See Clay*, 483 F.3d at 743.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**