[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15702
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00382-MSS-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EYAD FARAH,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(October 5, 2016)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Eyad Farah appeals the 37-month sentence he received after pleading guilty to (1) conspiracy to unlawfully export firearms, in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2778(b)(2) and (c); (2) attempt to unlawfully export firearms without a license, in violation of 22 U.S.C. § 2778(b)(2) and (c); and (3) aiding and abetting the fraudulent exportation of firearms, in violation of 18 U.S.C. §§ 554 and 2.

On appeal, Farah argues that his sentence is both procedurally and substantively unreasonable.  He first asserts that his sentence is procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors.  Second, Farah argues that his sentence is substantively unreasonable because, under the totality of the circumstances, a 37-month sentence is excessive given his history, the character and nature of his offenses, and the fact that he is a first-time offender who played a minor role in a much larger conspiracy.  After careful review of the record and the parties' briefs, we affirm.

## I.  Procedural Reasonableness

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  A sentence is procedurally unreasonable if the sentencing court, *inter alia*, fails to consider the factors set forth in 18 U.S.C. § 3553(a) or fails to adequately explain the sentence.  *Id*.  "The party challenging the sentence bears the burden to

2

show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court is not required to explicitly state or discuss on the record that it has considered each of the § 3553(a) factors. *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009). Rather, it is sufficient for the district court to simply acknowledge that it has considered the § 3553(a) factors as well as the defendant's arguments. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). However, the sentencing court should still "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (internal quotation marks omitted). A district court commits no reversible error for failing to articulate the applicability of the § 3553(a) factors so long as the record demonstrates that the court took the factors into consideration. *See United States v. Smith*, 568 F.3d 923, 927–28 (11th Cir. 2009).

Farah's sentence is procedurally reasonable. Farah asserts that the district court erred by failing to consider the § 3553(a) factors, namely the factor regarding the kinds of sentences available. However, the record demonstrates that the district court did consider the available sentences. Specifically, the district court noted that it reviewed and considered the presentence investigation report and Farah's

3

sentencing memorandum, which discussed the possibility of house arrest or probation.  Moreover, the district court explicitly rejected house arrest and probation at the sentencing hearing, finding them inappropriate under the circumstances.  Based on this record, the district court fulfilled its obligation to take the § 3553(a) factors into account.  *See id*.

Nevertheless, Farah contends that the district court failed to consider the available-sentences factor because the court stated that a sentence of house arrest or probation was "out of the question" before Farah had an opportunity to argue for those types of sentences at the sentencing hearing.  That contention is unavailing.  Although the district court made the statement prior to Farah making his arguments at the hearing, Farah's sentencing memorandum set forth his argument for house arrest or probation, and the court considered the memorandum.  Thus, the district court's statement was simply its indication to counsel that it rejected Farah's previously articulated argument for house arrest or probation.  Accordingly, the district court did not commit procedural error because it properly considered the kinds of sentences available.

## II.  Substantive Reasonableness

When reviewing the substantive reasonableness of a sentence, we must consider the "totality of the circumstances."  *United States v. Pugh*, 515 F.3d 1179, 1190–92 (11th Cir. 2008) (internal quotation marks omitted).  "A district court

abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors," which can occur when the district court balances the factors unreasonably. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We will vacate a sentence for being substantively unreasonable "only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id*. at 1190 (internal quotation marks omitted).  We normally expect a sentence within the recommended United States Sentencing Guidelines (Guidelines) range to be reasonable.  *Docampo*, 573 F.3d at 1101.

Here, the district court did not abuse its discretion when it imposed a 37-month sentence, which was not only within the recommended guidelines range, but on the low end of that range.  Again, as the challenging party, the burden lies with the defendant to contest the reasonableness of the sentence in light of the record and the § 3553(a) factors.  *Tome*, 611 F.3d at 1378.  Farah has not met this burden.  To the contrary, the record reflects that the district court considered all relevant factors carefully and ultimately disagreed with Farah's position.  Farah put forth mitigating evidence in an effort to convince the district court to ignore the

5

Guidelines's recommendation against house arrest or probation for smuggling guns to the Middle East, however, the district court, within its discretion, appropriately found such evidence unpersuasive. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor," such as the nature and circumstances of the offense, "is a matter committed to the sound discretion of the district court." (internal quotation marks omitted)). Even so, the district court imposed a sentence on the low end of the guidelines range. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e do not automatically presume [that] a sentence within the [applicable] guidelines range is reasonable, [but] we ordinarily expect a sentence within [that] range to be reasonable." (internal quotation marks omitted)). Accordingly, the district court did not abuse its discretion in sentencing Farah to a 37-month term of imprisonment.

**AFFIRMED.**