[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17437
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00200-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO GALLO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Humberto Gallo, through counsel, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  Gallo argues on appeal that the district court failed to properly conduct the first step of the § 3582(c)(2) analysis because it failed to calculate, or even identify, his amended guideline range as required by U.S.S.G. § 1B1.1(b)( 1) and Supreme Court precedent.  He contends that although the court found that he was eligible for a reduction, due to its failure to calculate a guideline range the court lacked a "baseline" to guide its determination of whether to impose a reduced sentence.

We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).  "The district court abuses its discretion [in a § 3582(c)(2) proceeding] if it fails to apply the proper legal standard or to follow proper procedures in making its determination."  *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010) (quotation and alterations omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  When the district court considers a § 3582(c)(2) motion, it must "recalculate the sentence under the amended guidelines, first determining a new base level by substituting

2

the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); *see also* U.S.S.G. § 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court *shall determine* the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.") (emphasis added).  Then, the court must decide, in light of the § 3553(a) factors, whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence.  *Bravo*, 203 F.3d at 781.

Gallo correctly contends that the district court violated procedural requirements by failing to calculate or identify the guideline range under the amended guideline or determining the sentence it would have imposed under the new guideline range.  *Bravo*, 203 F.3d at 780; U.S.S.G. § 1B1.10(b)(1).  While the district court order did summarily state that Gallo is eligible for a reduction, it did not state that the court had recalculated Gallo's range to account for the effect of Amendment 782 or identify the recalculated range.  Further, in this case, it was especially important that the court calculate the guideline range, because such was

3

necessary to resolve the parties' dispute about the correct amended guideline range.  U.S.S.G. § 1B1.10(b)(1).  Thus, because the district court abused its discretion by committing this procedural error, we vacate the district court's order and remand for further proceedings.  *Jules*, 595 F.3d at 1241-42.

**VACATED AND REMANDED.**