[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10861
Non-Argument Calendar

_____

D.C. Docket No. 1:92-cr-00757-KAM-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCOS ANTONIO MEDEROS-JIMENEZ,
a.k.a. Bigote,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 16, 2019)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Marcos Antonio Mederos-Jimenez, a federal prisoner serving a 135-month sentence for attempted possession with intent to distribute cocaine, appeals the district court's denial of reconsideration of its denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  After careful review, we affirm.

Mederos-Jimenez moved to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  Amendment 782 reduced the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c) for purposes of calculating the guideline range.  See U.S.S.G. app. C, amend. 782.  The Sentencing Commission made Amendment 782 retroactively applicable under U.S.S.G. § 1B1.10(d).

The district court denied the motion for a sentence reduction.  In so doing, it took into account that Mederos-Jimenez escaped from custody while serving his sentence and was at large for 18 years.  Mederos-Jimenez moved for reconsideration of this decision.  The district court denied that motion as well.

Mederos-Jimenez then filed a notice of appeal of both denials.  This Court dismissed the appeal of the denial of Mederos-Jimenez's motion to reduce his sentence as untimely.  Mederos-Jimenez's appeal of the denial of his motion for reconsideration is timely and therefore properly before us.

2

This Court has said there is no procedural mechanism for seeking reconsideration of a sentence outside the limited context of Federal Rule of Criminal Procedure 35(a).  See United States v. Phillips, 597 F.3d 1190, 1199–1200 (11th Cir. 2010); see also United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam) (holding defendants may not rely on Federal Rule of Civil Procedure 60(b) to attack the denial of a sentence reduction under 18 U.S.C. § 3582(c)(2)).  Rule 35(a) permits courts to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  Mederos-Jimenez's motion does not meet any of these criteria.

Our Circuit precedent says district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a sentence reduction.  United States v. Caraballo-Martinez, 866 F.3d 1233, 1245–47 (11th Cir. 2017).  We therefore construe Mederos-Jimenez's motion for reconsideration as a successive § 3582(c) motion.

We review a motion for sentence reduction, whether initial or successive, for abuse of discretion.  Caraballo-Martinez, 866 F.3d at 1248.  A district court may reduce a defendant's sentence if the Sentencing Commission has lowered the applicable guideline range and made the amendment retroactive through an applicable policy statement.  See 18 U.S.C. § 3582(c)(2).  A district court must consider the § 3553(a) factors in exercising its discretion, id., though it need not go

3

through each factor specifically so "long as the record demonstrates that the pertinent factors were taken into account." United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009).

We cannot say the district court abused its discretion in declining to reduce Mederos-Jimenez's sentence.  Although in denying Mederos-Jimenez's successive motion for a reduced sentence the district court did not expressly readopt the reasoning set forth in its denial of his original § 3582(c) motion, the record as a whole demonstrates the court adhered to those reasons.  In its order denying Mederos-Jimenez's initial motion for a sentence reduction, the district court said it considered the § 3553(a) factors as well as the fact that Mederos-Jimenez escaped while serving the sentence he seeks to have reduced.  Mederos-Jimenez argued in his successive motion that the district court did not have to deny a reduction based on the escape.  True, but the district court was plainly allowed to consider post-sentencing conduct in deciding whether to reduce a sentence.  Caraballo-Martinez, 866 F.3d at 1249; see also U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).  Because we find no abuse of discretion, we **AFFIRM** the denial of Mederos-Jimenez's motion for a sentence reduction.

4