[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10074
Non-Argument Calendar
_____

D.C. Docket No. 3:94-cr-00114-WHA-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY F. HOLSTICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 25, 2019)

Before TJOFLAT, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Anthony Holstick asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He argues that Amendments 706, 750, and 782 to the Sentencing Guidelines together lower his guideline range from 360 months to life to 292 to 365 months' imprisonment.  The District Court denied Holstick's motion to reduce his sentence, and denied his later attempt to supplement the motion.  Holstick appeals, and we affirm.

We review the District Court's decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion.  *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).

Once pronounced, a district court's authority to modify a sentence of imprisonment is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Where an amendment does not have the effect of lowering a defendant's applicable guideline range, § 3582(c)(2) relief is unauthorized.  *Id.*; United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(a)(2)(B) (Nov. 2018).

At sentencing, Holstick had a guideline range of 360 months to life.  He had a criminal history category of V.  The District Court attributed four kilograms of

2

cocaine base to Holstick, which resulted in a base offense level of 38. Because of his leadership role in the criminal activity, his base offense level increased by four points for a total offense level of 42. Our task is to determine if Amendments 706, 750, and 782 to the Sentencing Guidelines lower Holstick's guideline range.

Amendment 706 altered the Drug Quantity Table in USSG § 2D1.1(c). USSG App. C, Amend. 706 (2007). It was made retroactive by Amendment 713 to the Sentencing Guidelines. USSG App. C, Amend. 713 (2008). In effect, Amendment 706 provided a two-level reduction in base offense levels for crack cocaine offenses. *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008). As a result, Holstick's base offense level would be 36, and his total offense level would be 40. With a total offense level of 40 and a criminal history category of V, Holstick's guideline range would be 360 years to life—i.e. the same. *See* USSG Ch. 5, Pt. A (Sentencing Table).

Amendment 750 revised the crack cocaine quantity tables in USSG § 2D1.1 to conform to the Fair Sentencing Act of 2010. *See* USSG App. C., Amend. 750 (2011). It was made retroactive by Amendment 759 to the Sentencing Guidelines. USSG App. C, Amend. 759 (2011). But Amendment 750 would have no effect on Holstick's offense level. The Sentencing Commission's explanation for Amendment 750 shows why:

> [N]ot all crack cocaine offenders sentenced after November 1, 2011, will receive a lower sentence as a result of the change to the Drug

> Quantity Table. . . . [T]he amendment does not lower the base offense levels, and therefore does not lower the sentences, for offenses involving . . . at least 2.8 kilograms but less than 4.5 kilograms [of crack cocaine].

USSG App. C, Amend. 750 (Reason for Amendment).  The District Court attributed four kilograms of cocaine base to Holstick.  Thus, he falls within the noted quantity gap, and Amendment 750 would not change his offense level.

Amendment 782 provides a 2-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in USSG § 2D1.1(c).  USSG Supp. App. C, Amend. 782 (2014).  It was made retroactive by Amendment 788 to the Sentencing Guidelines.  USSG Supp. App. C., Amend. 788 (2014).  Holstick's base offense level would thus be reduced from a 36—after the reduction from Amendment 706—to a 34.  *See* USSG § 2D1.1(c)(3).  After the four-level role enhancement, his total offense level would be 38.  With an offense level of 38 and a criminal history category of V, Holstick's guideline range is still 360 months to life.  *See* USSG Ch. 5, Pt. A (Sentencing Table).

We conclude that the District Court did not err in denying Holstick's motion to supplement his § 3582(c)(2) motion because he failed to demonstrate that the amendments he cites to, even when considered cumulatively, would have the effect of lowering his guideline range.

**AFFIRMED.**