[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15555
Non-Argument Calendar
_____

D.C. Docket No. 0:02-cr-60176-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALEJANDRO MADERA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 27, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Luis Alejandro Madera-Sanchez, proceeding *pro se*, appeals the

district court's denial of his request for a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  Background

In 2002, federal authorities ("the Government") prosecuted Defendant on drug importation and trafficking charges.  Defendant was the co-pilot of an aircraft flown from the Dominican Republic to Fort Lauderdale, Florida.  During customs inspection at the Fort Lauderdale airport, inspectors found seven hard-sided suitcases containing cocaine.  The United States Drug Enforcement Administration laboratory analysis report indicated that the suitcases contained 455 kilograms of cocaine.  Testimony at trial indicated that the approximate value of the cocaine was nine million dollars.

A jury found Defendant guilty of conspiracy to import at least five kilograms of cocaine, importation of at least five kilograms of cocaine, conspiracy to possess with the intent to distribute at least five kilograms of cocaine, and possession with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 846, and 841(a)(1), respectively.  The undisputed facts in the presentence investigation report ("PSI") revealed that Defendant's offense involved 455 kilograms of cocaine, which resulted in a base offense level of 38.  In conjunction with a two-level increase for acting as a co-pilot on an aircraft carrying a controlled substance (resulting in a total offense level

2

of 40) and a criminal history category of I, Defendant's guideline range was 292 to 365 months' imprisonment.  Citing Defendant's lack of criminal history, the district court sentenced Defendant to the low end of the guideline range:  292 months.

In November 2014, Defendant moved for a sentence reduction under §3582(c)(2) and Amendment 782 of the Sentencing Guidelines.  Amendment 782, which is listed in § 1B1.10(d) and became effective November 1, 2014, reduced by two levels the base offense level for most drug offenses.  *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C, amend. 782 (2014).  Without waiting for the Government to file a response, the district court issued an order ruling on Defendant's motion.  Per Amendment 782, the court did reduce by two levels the base offense level.  With this reduction, the court recalculated Defendant's amended guideline range to be 235 to 293 months' imprisonment.  Nevertheless, after considering the 18 U.S.C. § 3553(a) factors, the court concluded that a sentence reduction was not warranted.  In explaining its rationale, the district court specifically noted the large quantity of cocaine—455 kilograms—that was seized in this case and the fact that Defendant had presented perjured testimony at trial by calling his co-defendant as a witness to testify falsely that Defendant had been

3

unaware that the plane was loaded with cocaine.[1]  Finally, the court rejected

Defendant's claim that his post-sentence rehabilitation efforts—his employment,

completion of educational pursuits, Bible study, and medical problems—warranted

a sentence reduction.  It further noted that Defendant's original sentence was still

within his amended guideline range.  The court concluded that Defendant's 292-

month sentence was fair and necessary to protect the public, promote respect for

the law, and act as a deterrent.

## II.  Discussion

We review *de novo* a district's court's legal conclusions on the scope of its

authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th

Cir. 2008).  Where a defendant is eligible for a § 3582(c)(2) sentence reduction, we

review a district court's decision to grant or deny a sentence reduction for abuse of

discretion.  *Id.* at 1368 n.1.  As to any sentencing issue, we may affirm "for any

reason supported by the record, even if not relied upon by the district court."

*United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (citation omitted).

Under § 3582(c)(2), a district court may modify a term of imprisonment

when the original sentencing range has subsequently been lowered as a result of an

amendment to the Guidelines by the Sentencing Commission.  18 U.S.C.

---

[1]  The co-defendant testified that the day before the flight he hired Defendant to serve as his co-pilot and that while he, the co-defendant knew about the cocaine in the airplane, Defendant was unaware.

4

§ 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  A defendant is not eligible for a reduction under § 3582(c)(2) if a guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range."  *Id.* § 1B1.10(a)(2)(B).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the sentence under the amended guidelines.  *See id*.  After the court has calculated the new guidelines range, the court must then "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence."  *Id*. at 781.  In exercising this discretion, the court should consider the § 3553(a) factors.[2]  *Id*.  The court shall also consider the nature and seriousness of the danger to any person or community that may be posed by a reduction, and the court may consider the defendant's post-sentencing conduct.  *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

---

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Under the Guidelines in effect at the time of Defendant's original sentencing, a drug quantity of 150 kilograms or more of cocaine resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (2002). As a result of Amendment 782, the Guidelines now provide that a drug quantity of at least 150 kilograms, but less than 450 kilograms, of cocaine results in a base offense level of 36. But a drug quantity of 450 kilograms or more of cocaine still yields a base offense level of 38, which was the same base offense level originally calculated for Defendant. *Id*. § 2D1.1(c)(1), (2) (2014). The undisputed facts in the PSI reflect that Defendant's offense involved 455 kilograms of cocaine. Unfortunately for him, because Amendment 782 did not lower his applicable guideline range, his base offense level still remains at level 38. *See id*. § 2D1.1(c)(1).

Defendant does not disagree that his offense involved 455 kilograms of cocaine. Further, given this fact, he does not argue that he is statutorily eligible for a § 3582(c)(2) sentence reduction. Instead, relying on *Greenlaw v. United States*, 554 U.S. 237, 241-43 (2008), he contends that, because the district court did not base its refusal to reduce his sentence on this ground and because the Government failed to cross-appeal on this ground, the latter is estopped from now arguing that Defendant is statutorily ineligible for a § 3582(c)(2) reduction based on the quantity of drugs attributable to him.

6

In *Greenlaw*, the Supreme Court held that under the cross-appeal rule, an appellate court may not alter a judgment to benefit a non-appealing party; a cross-appeal by the latter is required to accomplish that feat.  554 U.S. at 244.  Applying this rule in the sentencing context, the Supreme Court held that where a defendant appeals a sentence as being too long—and the Government has filed no appeal—the latter does not get a free ride on the defendant's appeal to obtain a ruling that an even longer sentence must be imposed on remand.  *Id.* at 240.

But the Government is not arguing for an increase in sentence, here.  It merely seeks to maintain the status quo by affirming the district court's decision not to alter the sentence it had originally imposed.  It is true that the district court denied Defendant's § 3582(c)(2) motion as a discretionary matter.  By pointing out that the district court never even had the authority to exercise its discretion to lower Defendant's sentence, given the inapplicability of Amendment 782, the Government is merely offering an alternative ground for affirming the district court's ruling.  As noted, we can affirm for any reasons supported by the record. *See Chitwood*, 676 F.3d at 975.

Even if Defendant had been eligible for a § 3582(c)(2) sentence reduction, the district court did not abuse its discretion in declining to reduce Defendant's sentence in light of the § 3553(a) sentencing factors.  The district court appropriately considered the § 3553(a) factors and specifically noted (1) the large

amount of cocaine involved in the offense; (2) the perjured trial testimony that Defendant's co-defendant had offered at trial on Defendant's behalf;[3] and (3) the necessity of the sentence to protect the public, promote respect for the law, and act as a deterrent. Contrary to Defendant's argument, the district court did consider his post-sentence rehabilitation efforts, but determined that those efforts did not justify a sentence reduction.

We discern no abuse of discretion by the district court in reaching the above conclusion. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (stating that "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). Moreover, as to Defendant's assertion that because the district court originally sentenced him to the low end of his original guideline range, it was required to sentence him to the low end of any amended guideline range, Defendant cites no authority for this proposition. Accordingly, even if Defendant

---

[3] On appeal, Defendant argues that the law-of-the-case doctrine bars the district court from relying on this factor to support the denial of his motion. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (stating that under the law-of-the-case doctrine, an issue decided at one stage is binding at later stages of the same case). Presumably, he believes that, because the district court did not impose an obstruction of justice enhancement, which would have been permissible—albeit not required—based on the knowing presentation of perjured testimony, the district court necessarily decided that there had been no perjured testimony. Yet, the district court's silence does not equal a ruling that there had been no perjured testimony. The Government had not even asked for a two-level obstruction of judgment enhancement on this ground. And while the district court mentioned Defendant's lack of criminal history in explaining its reasons for imposing a low-end of the range sentence, it made no specific statement about the allegedly perjured testimony.

8

were eligible for a § 3582(c)(2) sentence reduction, we would still affirm the

district court's denial as being a decision within the court's discretion to make.

**AFFIRMED.**