[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10344
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20698-RNS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK J. BALLESTEROS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Ballesteros appeals *pro se* his sentence of imprisonment for 293 months imposed after the district court reduced Ballesteros's original sentence of imprisonment of 365 months for his drug crimes. 18 U.S.C. § 3582(c)(2). Ballesteros argues that his amended sentence is unreasonable and that he was entitled to the appointment of counsel and an evidentiary hearing. We affirm.

In 2012, Ballesteros was convicted of conspiring to possess with intent to distribute oxycodone and oxymorphone, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, two counts of possessing with intent to distribute oxycodone and oxymorphone, *id.* §§ 841(a)(1), 841(b)(1)(C); 18 U.S.C. § 2, and conspiring to defraud Medicare, *id.* § 1349. Ballesteros, a physician, wrote more than 6,000 prescriptions for oxycodone and oxymorphone as part of a conspiracy to distribute pain medicine obtained from Medicare-eligible patients and relocated his medical practice five times to elude law enforcement. The district court sentenced Ballesteros at the high end of his advisory guideline range of 292 to 365 months of imprisonment.

Ballesteros moved for a reduction of his sentence based on Amendment 782 to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Ballesteros requested a two-level reduction of his offense level and credit for "his educational, vocational, religious . . . and institutional progress." Ballesteros also requested that the district court appoint counsel and conduct an evidentiary hearing.

"We review *de novo* the district court's legal conclusions regarding the scope of its authority" to reduce a sentence under the Sentencing Guidelines. *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). The decision whether to grant or deny a motion to reduce is reviewed for abuse of discretion. *Id.* at 1368 n.1. We also review for an abuse of discretion the denial of requests for appointed counsel and for an evidentiary hearing. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (appointment of counsel); *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011) (evidentiary hearing).

The district court did not err in reducing Ballesteros's sentence. Based on the amended drug table, the district court correctly assigned Ballesteros an offense level of 38, U.S.S.G. § 2D1.1(c)(2), which resulted in an amended sentencing range between 235 and 293 months of imprisonment, *id.* Ch. 5, Pt. A. The district court considered "the Amendment, [Ballesteros's] motion and the response, and the Section 3553(a) factors," and determined that "a sentence at the high end of [Ballesteros's amended] guideline [range] [was] appropriate." *See* 18 U.S.C. § 3553(a); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Ballesteros's offense involved at least 5,000 grams of oxycodone and 40 grams of oxymorphone. And Ballesteros had a prior conviction for Medicare fraud, served a term of probation, and received his "medical license back," but he squandered that "new lease on life to go back into the practice of medicine" by participating in a

3

conspiracy to distribute prescription drugs. Based on this record, the district court reasonably decided to sentence Ballesteros to 293 months of imprisonment.

Ballesteros challenges his sentence on three grounds, all of which lack merit. First, Ballesteros contests the amount of drugs attributed to him, but when considering a reduction of sentence "all original sentencing determinations remain unchanged," *Bravo*, 203 F.3d at 781. Second, Ballesteros argues for a further reduction based on his rehabilitation, but the district court was not obligated to consider Ballesteros's post-sentencing conduct. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). Third, Ballesteros argues that the district court should have considered his arguments that he was denied due process and that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, but the district court lacked "jurisdiction to consider [Ballesteros's] extraneous resentencing issues" under section 3582(c)(2). *Bravo*, 203 F.3d at 782.

The district court did not abuse its discretion when it denied Ballesteros's motions for appointed counsel and for an evidentiary hearing. Ballesteros was not entitled to appointed counsel in seeking a reduction of his sentence. *See Webb*, 565 F.3d at 794–95. And the district court was not required to conduct an evidentiary hearing when no "factor important to the sentencing determination [was]

4

reasonably in dispute." U.S.S.G. § 6A1.3. The government conceded that

Amendment 782 applied to Ballesteros.

We **AFFIRM** Ballesteros's amended sentence.