[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15283
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80092-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEPHAINE JEFF CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lephaine Jeff Charles, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C.

§ 3582(c)(2). Charles argues that the district court abused its discretion by declining to reduce his original sixty-three-month sentence. Charles contends that the court had no basis to conclude that he had "probably lied" and "perjured himself" at his sentencing hearing and denying his motion on that basis was improper. Relying on *United States v. Bravo*, 203 F.3d 778 (11th Cir. 2000), Charles further argues that the court failed to conduct an analysis of the two-part test for § 3582(c)(2) motions and failed to consider the sentencing factors listed in 18 U.S.C. § 3553(a). Furthermore, he avers that his status as a deportable alien weighs in favor of a sentence reduction because he does not pose a threat to the public's safety since he will be immediately deported upon his release.[1] However, because we conclude that the district court's decision to deny Charles's § 3582(c)(2) motion did not constitute an abuse of its discretion, we affirm.

## I.

The district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

---

[1] Charles also makes a single passing reference to a constitutional argument, asserting that, if a prisoner's sentence can be shortened or modified by rights conveyed to him by law, then those rights should not be denied without due process. However, having offered no argument regarding this issue on appeal, he has abandoned it and we need not address it now. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).

## II.

Pursuant to 18 U.S.C. § 3582(c)(2), the district court may reduce a currently incarcerated defendant's term of imprisonment when that defendant's original Sentencing Guideline range is subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). We have held that "when a sentencing guideline is amended . . . and retroactive application is authorized, the district court may reduce the previously imposed sentence." *United States v. Vautier*, 144 F.3d 756, 759 (11th Cir. 1998) (internal quotation marks omitted). In determining whether to apply a retroactive amendment to an eligible defendant, "the district court must make two distinct determinations." *Id.* at 760; *see also Bravo*, 203 F.3d at 780. First, the court must recalculate the sentence under the amended Guidelines, and arrive at an amended range. *Vautier*, 144 F.3d at 760. Second, the court must consider the factors listed in 18 U.S.C. § 3553(a) and decide whether, in its discretion, it will impose the newly calculated sentence under the amended Guidelines or retain the original sentence.[2] *See id.*; *see also* U.S.S.G. § 1B1.10

---

[2] While the two-step § 3582(c)(2) analysis is required, the district court is not required to reduce the defendant's sentence, because that determination is discretionary. *Vautier*, 144 F.3d at 760.

3

cmt. n.1(B)(i) (requiring the court to consider § 3553(a) factors when determining whether to reduce the sentence and to what extent).  In addition to the § 3553(a) factors, the court also must consider the public's safety by taking into account "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" when deciding whether and to what extent a reduction is warranted.  *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).  Additionally, the court may consider the defendant's post-sentencing conduct.  *See* § 1B1.10 cmt. n.1(B)(iii).

Here, the district court did not abuse its discretion by declining to reduce Charles's sentence pursuant to the amended Guideline range.  First, the district court properly recalculated Charles's Guideline range under the amended Guidelines and arrived at an amended Guideline range of forty-one to fifty-one months' imprisonment.  *See Vautier*, 144 F.3d at 760.  Secondly, the district court explicitly cited and sufficiently stated that it had considered the factors listed in § 3553(a).[3]

In addition, Charles's contention that the district court improperly relied on its conclusion that he had probably lied during his sentencing hearing when denying his motion is unavailing.  A review of the court's order denying Charles's

---

[3] A court need not "articulate specifically the applicability—if any—of each of the [§] 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

§ 3582(c)(2) motion reveals that the district court based its denial on its observation that a reduction in Charles's sentence would not provide adequate deterrence or promote respect for the law.  Furthermore, while Charles argues that a sentence reduction was warranted in light of Congress's "economical intent," Charles points to no authority—and we have found none—that would require the district court to consider the legislative intent behind retroactive sentencing amendments before deciding whether a reduction is warranted.

Finally, while we note that the district court's order did not explicitly state that it had considered the mandatory "public-safety" factor before deciding whether a reduction in Charles's sentence was warranted, it did state that it had considered the immigration consequences of Charles's incarceration.  Because Charles argued at length in his motion that upon release, his deportable alien status would trigger his removal from the United States before he could pose a threat to the public, we are satisfied that the district court made an assessment of the public safety element based on the court's acknowledgement that it had considered the consequences of Charles's immigration status.  Therefore, we affirm the district court's order denying Charles's § 3582(c)(2) motion.

**AFFIRMED.**