[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13094
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00200-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO GALLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 28, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Humberto Gallo appeals the district court's denial of his motion to reduce his sentence, pursuant to § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. On appeal, Gallo argues that (1) the district court procedurally erred by failing to consider his arguments in support of a sentence reduction; (2) the court ignored his non-frivolous arguments in violation of *Rita v. United States*, 551 U.S. 338 (2007); (3) it is difficult to reconcile the district court's most recent order with its 2002 order granting his previous § 3582(c)(2) motion; and (4) the 18 U.S.C. § 3553(a) factors support granting his motion.

We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). A district court may abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures. *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

The Supreme Court stated in *Rita* that where a defendant presents nonfrivolous reasons for imposing a different sentence, the district judge will normally explain why she rejected those arguments. *Rita*, 551 U.S. at 356. The Court noted that, while an explanation need not be lengthy, it must reflect that the judge listened to each argument and considered the supporting evidence. *Id*. at 358. The Court ultimately held that the sentencing judge's statement of reasons was brief but legally sufficient in Rita's case because the record made clear that the

2

sentencing judge listened to each argument and considered supporting evidence. *Id*.

The Supreme Court recently clarified that it has not yet decided whether *Rita* applies to sentence modifications under § 3582.  *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-66 (2018).  The Court held that the amount of explanation required of a sentencing judge in a sentence modification proceeding "depends . . . upon the circumstances of the particular case."  *Id*. at 1965.  It also rejected the petitioner's argument that the sentencing judge should have chosen a point in the lower guideline range that was "proportional to the point previously chosen" in the previous guideline range.  *Id*. at 1966.  The Court stated that it was "not aware of any law or any convincing reason" why the two points should be proportional.  *Id*. Ultimately, the Court held that the sentencing judge was not required "to provide a lengthy explanation if the context and the record make clear that the judge had a reasoned basis for reducing the defendant's sentence."  *Id*. (quotation marks omitted).  So long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision[-]making authority," the judge's explanation is sufficient.  *Id*. at 1964.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing

Commission later lowered. 18 U.S.C. § 3582(c)(2). Any sentence reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Then, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence. *Id.* at 781. In making that decision, the court must consider the § 3553(a) factors and the nature and severity of danger to any person posed by a sentence reduction. *Smith*, 568 F.3d at 927. The court also may consider, but is not required to consider, the defendant's post-sentencing conduct. *See id.*

The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;" (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; (7) any pertinent policy statement from the Sentencing Commission; and (8) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5), (a)(6). The court can demonstrate that it has considered the

4

§ 3553(a) factors by identifying factors weighing against a sentence reduction even if it does not make particular findings for each factor. *See United States v. Brown*, 104 F.3d 1254, 1255-56 (11th Cir. 1997). The district court has discretion to determine how much weight to give a specific § 3553(a) factor. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

The district court is not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent factors. *Smith*, 568 F.3d at 927. Similarly, "a district court commits no reversible error by failing to articulate specifically the applicability — if any — of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). In *Eggersdorf*, the district court's order declining to resentence Eggersdorf stated that it had reviewed the relevant motions and the record and was otherwise duly advised. *Id.* at 1320. We held that the district court gave sufficient reasons for its order and that the record demonstrated that it had considered the pertinent sentencing factors, particularly given that the same judge sentenced the defendant and later declined to reduce his sentence. *Eggersdorf*, 126 F.3d at 1322-23.

Here, the district court did not abuse its discretion in denying Gallo's § 3582(c)(2) motion because, after determining that he was eligible for a sentence

reduction, it adequately considered the § 3553(a) factors in concluding that a reduction was not warranted.  The district court did not abuse its discretion by not explicitly addressing all § 3553(a) factors or rehabilitative post-sentencing conduct because it was not required to do so.  *Smith*, 568 F.3d at 927; *Brown*, 104 F.3d at 1255-56.  Gallo's "proportionality" argument is likewise without merit because there is no "law or any convincing reason" for requiring that his prior sentence and current sentence be proportional.  *See Chavez-Meza*, 138 S. Ct. at 1966.  The district court here referenced the parties' briefs and the § 3553(a) factors, and the record otherwise shows that the district court considered pertinent factors. *Eggersdorf*, 126 F.3d at 1320-22.

Gallo's argument that the court violated *Rita* is also without merit.  It is not clear that *Rita* applies in the context of resentencing, but, assuming *Rita* does apply, the district court gave sufficient reasons for its decision in its 14-page order. *See Rita*, 551 U.S. 338; *Chavez-Meza*, 138 S. Ct. at 1964, 1965-66.  Gallo has not shown that the district court applied the wrong legal standard, failed to follow the proper procedure, or improperly considered the § 3553(a) factors.  *See Jules*, 595 F.3d at 1241-42; *Alvarado*, 808 F.3d at 496.  Gallo thus has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. Accordingly, we affirm.

**AFFIRMED.**

6