[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13328
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00077-JES-DNF-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JAMES LEONARD CARTER, JR.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 9, 2021)

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

James Carter appeals the district court's partial grant of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (First Step Act). Carter contends the district court abused its discretion when it reduced his sentence to 240 months rather than time served. Carter asserts his 240-month sentence is greater than necessary to achieve the statutory goals of sentencing, and the district court failed to consider relevant factors that were due significant weight. After review,[1] we affirm the district court.

## I. BACKGROUND

In 2007, Carter was convicted after a jury trial of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count One), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2). According to the presentence investigation report, Carter was found with a duffel bag containing a total of 16.9 net grams of cocaine hydrocholoride and 7.1 net grams of crack cocaine. With a total offense level of 37 and a criminal history category of VI, Carter's guideline range was 360 months to life. The district court imposed a

---

[1] While we have not expressly held what the standard of review is for a partial grant of an eligible movant's request for a reduced sentence under the First Step Act, we review the district court's denial of such a motion for an abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

sentence of 360 months for Count One and a concurrent sentence of 240 months for Count Two.

After the enactment of the First Step Act, Carter filed a motion for a reduction of his sentence. He requested a reduced sentence of time served.[2] The Government agreed that Carter was eligible for a reduced sentence and did not oppose a reduced sentence of 262 months, the low end of his reduced sentencing range.

The district court granted Carter's motion in part, reducing his sentence to 240 months' imprisonment, but did not reduce the sentence to Carter's time served request. After recounting the facts and procedural history of Carter's underlying conviction and summarizing the law under the First Step Act, the district court noted it was undisputed that Carter's underlying conviction was a covered offense under the First Step Act. The court stated it had "considered the factors set forth in 18 U.S.C. § 3553(a), all of the factors identified by [Carter], the [PSI], and the written submissions of the parties," and agreed with the parties that it had the discretion to reduce Carter's sentence below the newly calculated guidelines range. The court emphasized Carter's previous criminal convictions, noting his criminal

---

[2] Carter alternatively requested a hearing with his presence to determine a sentence that was sufficient but not greater than necessary. The district court did not conduct a hearing with Carter's presence, but Carter does not appeal that part of the district court's decision. *See United States v. Denson*, 963 F.3d 1080, 1086-88 (11th Cir. 2020) (holding a defendant does not have a statutory or due process right to attend a hearing for a sentence reduction under the First Step Act).

history "ha[d] always been the most impactful factor," and it characterized his criminal history as "significant." The district court noted Carter scored in the highest criminal history category because of both his career offender status and his overall criminal history. It rejected Carter's contention that the Sentencing Commission had proposed changes for defendants whose career offender status was based only on drug offenses because the recommendation had been provided for almost four years without Congress adopting it. The court then found Carter remained a career offender under the current law. The district court noted Carter's disciplinary record and that he completed his GED and other educational courses, but found his post-conviction conduct to be "mixed" based on disciplinary sanctions during his term of incarceration.

## II. DISCUSSION

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii). Thus, possession of less than 28

4

grams of crack cocaine now falls under the purview of 21 U.S.C. § 841(b)(1)(C). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 30 years for cases (1) involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B), and (2) are committed by defendants after a prior felony drug conviction has become final.  *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive for covered offenses the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404.  Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).  In deciding whether to reduce a defendant's sentence under the First Step Act, a district court has wide latitude to determine whether and how to exercise its discretion, and it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the

purposes of relevant conduct. *United States v. Jones*, 962 F.3d 1290, 1301, 1304 (11th Cir. 2020). However, consideration of the § 3553(a) factors is not mandatory in granting or denying a sentence reduction under § 404(b) of the First Step Act. *United States v. Stevens*, 997 F.3d 1307, 1310 (11th Cir. 2021).

The district court did not abuse its discretion by reducing Carter's sentence to 240 months rather than time served. In reducing Carter's sentence to 240 months, the district court considered the § 3553(a) factors,[3] and reviewed Carter's motion and the presentence investigation report, which addressed the § 3533(a) factors and the relevant facts. *See United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009) (holding the record showed the district court considered the § 3553(a) factors when it stated that it had reviewed the defendant's motion and the government's response). Moreover, the same judge who presided over Carter's initial sentencing issued the order partially granting his motion for a reduced sentence. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir.

---

[3] While the district court was not required to consider these factors, *see Stevens*, 997 F.3d at 1310, its consideration of the § 3553(a) factors demonstrates the district court exercised appropriate discretion in this case. Section 3553(a) requires a district court's sentence be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

1997) (affirming the district court's decision not to resentence a defendant after a retroactive amendment to the sentencing guidelines, in part, because the same judge who sentenced the defendant also declined to resentence him). The district court addressed Carter's post-conviction disciplinary behavior and his criminal history at length. The district court was entitled to rely on Carter's extensive criminal history when it denied his full request, and there is no evidence that it improperly relied on a single § 3553(a) factor over any others. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (stating the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court); *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (explaining "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" (quotations omitted)). Further, Carter's arguments regarding the Sentencing Commission's recommendation that would no longer render him a career offender are meritless, as Carter concedes that he still maintains that status under the current law.

Having considered the sentencing factors, the district court did not misapply the law or otherwise abuse its discretion. *See Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) ("A district court abuses its discretion if it applies an

7

incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." (quotations omitted)).  The district court did not abuse its wide latitude because it did not impose the sentence that Carter requested.  *See Jones*, 962 F.3d at 1304.  Accordingly, we affirm.

**AFFIRMED**.