[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13909

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL DANIEL DE LA CRUZ JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:02-cr-60176-WPD-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael De La Cruz Jimenez appeals the district court's decision not to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) after considering a recent amendment to the Sentencing Guidelines. De La Cruz, proceeding *pro se*, contends that the district court failed to consider relevant 18 U.S.C. § 3553(a) factors that were due significant weight and therefore abused its discretion in denying its own *sua sponte* motion to reduce De La Cruz's sentence. In response, the government moves for summary affirmance, which we grant.

## I.    BACKGROUND

In 2002, De La Cruz piloted a plane from Santo Domingo, Dominican Republic, to an airport in Fort Lauderdale, Florida, with one passenger and more than 450 kilograms of cocaine onboard. Upon his arrival, De La Cruz attempted to pass through Customs. Inspectors conducted a routine inspection of the aircraft and discovered "taped brick-type items," one of which the inspectors field tested and positively identified for cocaine. The inspectors arrested De La Cruz and the passenger and seized $2,719 from De La Cruz.

A federal grand jury indicted De La Cruz on one count of conspiracy to import at least five kilograms of a mixture containing cocaine, one count of importation of at least five kilograms of a mixture containing cocaine, one count of conspiracy to possess at

least five kilograms of a mixture containing cocaine, and one count of possession with intent to distribute at least five kilograms of a mixture containing cocaine. De La Cruz pled guilty to all four counts without a plea agreement.

Under the 2002 Sentencing Guidelines Manual, the district court applied, among other enhancements, a two-level special-of-fense-characteristic enhancement for obstruction of justice based on his false testimony at a codefendant's trial. Because of the obstruction enhancement, De La Cruz did not receive downward adjustments for acceptance and super-acceptance of responsibility. As a result, his total offense level was 42.

De La Cruz had no criminal-history points, so his criminal-history category was I. His corresponding guidelines range was 360 months to life. The district court sentenced De La Cruz to 360 months in prison.

Last year, the Sentencing Commission revised the Sentencing Guidelines with Amendment 821, which provides a two-level reduction for certain offenders who have no criminal history. U.S.S.G. § 4C1.1(a) (amended Nov. 1, 2023). Amendment 821 is retroactively applicable. *See id.* De La Cruz is eligible for a reduction under that Amendment, and his updated sentencing range is 292–365 months, rather than the 360 months-to-life range under which he was sentenced in 2003.

The district court recognized this *sua sponte* and requested that the government respond as to whether the court should reduce De La Cruz's sentence, pursuant to § 3582(c)(2). Although it

agreed that De La Cruz was eligible for relief, the government argued that a reduction was not warranted upon consideration of the relevant § 3553(a) factors. The district court decided against reducing De La Cruz's sentence, explaining that it "agree[d] with the Government's response." De La Cruz first filed a motion for reconsideration, which the district court denied, and then this appeal. The government now moves for summary affirmance.

In his appeal, De La Cruz argues that the district court abused its discretion in denying a sentence reduction by failing to conduct a new analysis of the relevant § 3553(a) factors. The district court, De La Cruz asserts, failed to properly weigh or consider relevant factors and instead relied on its prior postconviction-motion analyses. De La Cruz further contends that the district court neglected both his post-sentencing rehabilitative conduct and the policy reasons underlying Amendment 821. For its part, the government argues that the district court did not clearly abuse its discretion because it weighed the relevant § 3553(a) factors and was not required to consider De La Cruz's post-sentencing conduct.

## II.   DISCUSSION

Summary disposition, including summary affirmance, is appropriate when time is of the essence, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62

(5th Cir. 1969).[1]  We conclude that the government's position here "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."

We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2), *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013), but we review for abuse of discretion the district court's decision not to grant a sentence reduction under § 3582(c)(2), *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (internal quotations omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission has later lowered and that modification is retroactively applicable. 18 U.S.C. § 3582(c)(2).  Any reduction must be consistent with the Commission's policy statements. *Id.*

When a district court considers a motion under § 3582(c)(2), the court must first recalculate the defendant's sentencing range

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

under the amended Guidelines and then decide whether to exercise its discretion to impose the newly calculated sentence or retain the original sentence.  *United States v. Bravo*, 203 F.3d 778, 780–81.  The district court must consider all relevant § 3553(a) factors,[2] as well as the nature and severity of danger to any that a sentence reduction poses, and it may consider the defendant's post-sentencing conduct.  *Smith*, 568 F.3d at 927.

While courts must consider all applicable § 3553(a) sentencing factors, "the weight given to each factor is committed to the sound discretion of the district court" and "a district court may attach great weight to one § 3553(a) factor over others."  *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).  We will not second-guess the weight the district court gives to a factor "so long as the sentence is reasonable under the circumstances."  *Id.*  The district court need not explicitly state how each factor applies to the defendant's case if the record shows it considered the pertinent factors.  *Smith*, 568 F.3d at 927.

---

[2] The § 3553(a) factors include the following:  (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (3) the need for the sentence "to afford adequate deterrence to criminal conduct;" (4) the need for the sentence "to protect the public from further crimes of the defendant;" (5) the applicable sentencing range; (6) "any pertinent policy statement" by the Sentencing Commission; and (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. 3553(a).

We agree with the district court and the parties that Amendment 821 applies to De La Cruz and that it gave the district court the discretion to reduce De La Cruz's sentence. Part B of Amendment 821, which is applied retroactively as of February, added U.S.S.G. § 4C1.1, the "zero-point offender adjustment." U.S.S.G. amends. 821, 825 (2023). That guideline provides for a decrease in a defendant's offense level if the defendant satisfies ten criteria.

De La Cruz, who was a first-time offender and committed a non-violent crime without possessing a dangerous weapon or committing a sex offense, satisfies all ten criteria, so the decreased offense level is therefore applicable. *See* 18 U.S.S.G. § 4C1.1. At the decreased offense level, a guideline range of 292-365 applies to De La Cruz, rather than the 360 months-to-life range that applied when the district court originally sentenced him in 2003.

With the new applicable range determined, the district court had the discretion to decide whether to impose a new sentence or retain the current one. *See Bravo*, 203 F.3d at 780–81. Here, the district court afforded sufficient consideration to relevant factors and did not give significant weight to an improper or irrelevant factor. *See Irey*, 612 F.3d at 1189. The district court also made its decision within the broad range of options it had available in arriving at a sentence that achieves the purposes of sentencing stated in § 3553(a). *Id.*

First, the district court explicitly stated that it considered the § 3553(a) factors in its decision to deny relief. And second, the court explained that it agreed with the government's response to the

court's *sua sponte* motion and that it was denying relief for the reasons that filing set forth.  The government's response, in turn, went through the § 3553(a) factors, showing how the government (and the court ultimately) thought they bore on an appropriate sentence for De La Cruz.  *See United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir. 1997) (concluding that a district court's reference to the government's response served as an explanation for a decision to deny resentencing when the response cited specific § 3553(a) factors).

Third, the district judge sentenced De La Cruz originally, and over the years, in addressing motions for sentencing relief, he has consistently explained why he has not thought it appropriate to reduce De La Cruz's sentence under the § 3553(a) factors.  *See id.* (concluding that the court properly considered the § 3553(a) factors where "the same district court judge who sentenced Defendant originally was the one who declined to resentence him").

In 2015, for instance, the district court denied De La Cruz's motion for a reduction of sentence based on Amendment 782 of the Sentencing Guidelines, *see* U.S. Sent'g Guidelines Manual amend. 782 (U.S. Sent'g Comm'n 2014).  The court determined that "a reduction is still not appropriate" because the court "found that perjured testimony was presented at the co-defendant's trial by De la Cruz" and the court "imposed a fair sentence in 2003." Then, in 2021, the district court, in denying De La Cruz's motion for compassionate relief, determined that "the requested release would not promote respect for the law or act as a deterrent," both

because of the amount of cocaine seized and De La Cruz's perjured testimony. The facts of the offense have remain unchanged, so the district court did not err in retaining its view of those facts.

De La Cruz argues that the district court acted improperly by failing to consider "any pertinent policy statement issued by the Sentencing Commission" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a). But the court did not need to explicitly discuss every factor, as long as the record indicates it considered all relevant factors. *See United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). And here, for the reasons we've noted, it does. As for De La Cruz's complaint that the court didn't address "the need to avoid unwarranted sentencing disparities," the record shows that the district court did consider that factor. The judge explained that "[t]he fact that other district judges may have exercised discretion to grant relief under 18 U.S.C. § 3582 is not controlling."

We also cannot conclude that the district court made a clear error of judgment by balancing the sentencing factors unreasonably. *Irey*, 612 F.3d at 1189. The district court considered the history and characteristics of the defendant, the seriousness of De La Cruz's drug-importation offense and perjured testimony, and the amended applicable sentencing range, and determined that those considerations outweighed any Sentencing Commission's policy statements and the need to avoid unwarranted sentence disparities, *see* 18 U.S.C. 3553(a). The weight attached to each factor in

determining a sentence falls within the sound discretion of the district court, and we are not left with the definite and firm conviction that the district court committed a clear error of judgment. *See Irey*, 612 F.3d at 1190.

Finally, a district court may consider a defendant's post-sentencing behavior, but it is not required to do so. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249 (11th Cir. 2017). For that reason, even if the district court did not give any weight to De La Cruz's post-sentencing behavior, we cannot say that the district court abused its discretion. *See id.*

For the foregoing reasons, we grant summary affirmance of the district court's denial of De La Cruz's §3582(c)(2) motion.

**AFFIRMED.**