**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14181

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

THURNAL GLOVER, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:16-cr-00104-SPC-NPM-1

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Thurnal Glover, Jr., appeals the district court's denial of his motion to reduce his sentence, pursuant to § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. He contends the

district court abused its discretion by not adequately considering his post-conviction conduct. After review,[1] we affirm.

In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court engages in a two-step analysis, including: (1) recalculating the Guidelines range under the amended Guidelines; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence after considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community, and it may also consider the defendant's post-sentencing conduct. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)).

## I.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009)

---

[1] We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *Id.*

24-14181                Opinion of the Court                3

(quotation marks omitted).  Neither party disputes Glover's eligibility for a sentence reduction under Amendment 821 to the Sentencing Guidelines, and that his amended Guidelines range would be 70 to 87 months.  *See* U.S.S.G. Supp. To App. C, Amend. 821.[2]

## II.

The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).  The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed

---

[2] In the Amendment, U.S.S.G. § 4A1.1(d) was stricken and replaced with § 4A1.1(e).  U.S.S.G. Supp. To App. C, Amend. 821.; *see also* U.S.S.G. § 1B1.10.  To limit the impact of criminal history "status points" on a defendant's sentence, the amended Guideline adds only 1 point "if the defendant (1) receives 7 or more points under [§ 4A1.1](a) through (d), and (2) committed the instant offense while under any criminal justice sentence."  Amend. 821.  Amendment 821 is covered by the policy statement in U.S.S.G. § 1B1.10.  U.S.S.G. § 1B1.10(d).

to the discretion of the district court. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021); *see also United States v. Smith*, 568 F.3d 923, 927-28 (11th Cir. 2009) (reasoning the district court need not articulate each § 3553(a) factor when denying relief under § 3582(c)(2)). An acknowledgment the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Tinker*, 14 F.4th at 1240-41 (citation modified). A district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1241 (citation modified).

In considering § 3582(c)(2) motions, district courts "may" consider a defendant's post-sentencing conduct, but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *Williams*, 557 F.3d at 1256-57; U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). The Supreme Court has stated "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491 (2011). Further, the Court explained "[p]ostsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.*

at 491 (quotation marks omitted).  However, we have recognized that, even following its decision in *Pepper*, the Supreme Court has left the question of what consideration, if any, to give to a defendant's post-sentencing rehabilitation to the district court's discretion.  *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017).

The district court did not abuse its discretion in denying Glover's motion for sentence reduction as it sufficiently considered the § 3553(a) factors, including Glover's post-sentencing conduct. The district court was within its discretion to heavily weigh the nature and circumstances of Glover's offense, and made it clear that it relied on that factor, stating that Glover's use of weapons and fleeing the scene endangered others.  Glover's argument the court did not consider his post-sentencing conduct is unavailing, as the court commended Glover's educational accomplishments while in prison.  However, the court also stated Glover's two disciplinary infractions for fighting did not demonstrate respect for the law to justify a sentence reduction.  *See Pepper*, 562 U.S. at 491.  In denying Glover's motion for sentence reduction, the court first stated that it was considering the § 3553(a) factors, then explicitly considered the nature and circumstances of the offense, the need to protect the public, and the need to promote respect for the law.  18 U.S.C. § 3553(a)(1), (2)(A), and (2)(C); *Tinker*, 14 F.4th at 1241.

Accordingly, the district court did not abuse its discretion in denying Glover's motion for sentence reduction as it sufficiently considered the § 3553(a) factors, including Glover's post-sentencing conduct.

6                          Opinion of the Court                    24-14181

**AFFIRMED.**